## PEDRO GARZA v. THE STATE.

No. 8985.   Delivered Jan. 28, 1925.

No motion for rehearing filed.

**Manslaughter—New Trial—Newly Discovered Evidence.**

Appellant was convicted of manslaughter upon the testimony of one witness, a brother-in-law of deceased. He moved for a new trial on the grounds of the newly discovered evidence. The failure to have this witness present at the trial, was through no lack of diligence on the part of the appellant, or those representing him. The materiality of the testimony is evident. Had this absent testimony been before the jury, a different result, might have obtained. The new trial should have been granted.

Appeal from the District Court of Atascosa County.  Tried below before the Hon. Covey C. Thomas, Judge.

Appeal from a conviction of manslaughter; penalty, three years in the penitentiary.

No brief filed for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Atascosa County of manslaughter, and his punishment fixed at three years in the penitentiary.

There is but one bill of exceptions which complains of the refusal of a new trial sought because of newly discovered evidence. In our opinion the new trial should have been granted. The parties to the fatal difficulty were Mexicans. The State's case rests upon the testimony of one witness, a brother-in-law of deceased, who testified that following an altercation between appellant and deceased over some money due or claimed to be due in a gambling game, appellant fired two shots at deceased killing him. On cross-examination he admitted that after appellant fired the first shot he ran and that deceased followed and overtook him, pulling him around, and that appellant then fired a second shot, death resulting.

It was shown on behalf of appellant that he had several cuts on his body, some of them severe. He told the deputy sheriff who arrested him after the homicide that he shot because deceased was cutting him with a knife. A good reputation as a peaceable, law-abiding citizen was established for the defendant.

Appellant supported his motion for new trial, sought on the ground of newly discovered evidence, by the affidavit of a Mexican witness who said in the affidavit that he was present at the time of the homicide and

saw deceased begin the difficulty by assaulting appellant with a knife. Without going into the details of what appears in the pleading and proof on this point, it seems to us satisfactorily established that the failure to have this witness present at the trial was through no lack of diligence on the part of appellant or those representing him. The materiality of the testimony is evident. In our opinion if it had been before the jury a different result might have obtained.

For the error mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*